# Estate of Arnold E. Waters, Jr.

[530 A.2d 565]

No. 86-107

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.),**
**Specially Assigned**

Opinion Filed May 8, 1987

Motion for Reargument Denied June 12, 1987

*John W. Hird, II*, Lower Waterford, for Executor-Appellant.

**Per Curiam.** Appellant is the executor of the estate of Arnold E. Waters, Jr. Article Fourth of the will of the testator reads as follows:

> No executor . . . shall ever be required to furnish any surety on an official bond or be held responsible for any act or omission of any other executor . . . .

The probate court required the executor to post a bond with sureties to an amount almost equal to the total assets of the estate.

The executor on appeal claims that 14 V.S.A. § 907(b) permits the probate judge to require sureties only sufficient to cover the claims of creditors. He further alleges that there are no claims outstanding and therefore no bond is required. We agree.

14 V.S.A. § 907(b) reads as follows:

> If the testator by will directs that no bond, or only the individual bond of the executor be required, instead of the bond prescribed in section 906 of this title, an individual bond may be given as directed in the will. A bond shall also be given in a sum and with those sureties as the probate court directs, with the conditions only to pay the debts of

the testator and return to the probate court a true inventory under oath, according to the executor's best knowledge, information and belief, of the real estate and all the goods, chattels, rights and credits of the deceased coming to the executor's possession or knowledge.

On its face, the statute empowers the probate court to demand a bond even though the testator has placed complete faith in his executor by not requiring a bond. Nevertheless, the court is constrained to restrict the amount of the bond to an amount sufficient to protect the creditors of the estate.

In this case, the court did not restrict the amount and, therefore, we must return this matter to the probate court for a finding as to a proper amount for the bond in compliance with the statute.

*Reversed and remanded for computation of proper amount of the bond.*